# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TIMOTHY R. BARCLAY,<br><br>        Plaintiff,<br>vs.<br><br>MARCUS M. FULLER, *In Personam*,<br>and NISHA ex-SARAH NICOLE,<br>Official No. 589077, and its<br>engines, tackle, gear, equipment<br>and appurtenances, *In Rem*,<br><br>        Defendants. | 3:11-cv-00169-TMB-JDR<br><br>**ORDER DENYING MOTION TO COMPEL**<br><br>(Docket No. 53) |

The Court has before it Plaintiff's *Motion to Compel, And/Or Impose Preliminary Injunction /And Declaration of Timothy Barclay*. Docket 53. Defendant filed an opposition at Docket 56 and Plaintiff filed a response at Docket 57. The Court then ordered a settlement conference at Docket 54. However, the parties were unable to reach a settlement. Docket 59. The Court subsequently adopted this Court's recommendation that Defendant's request for an injunction against Plaintiff be denied. For the reasons stated below, the Magistrate Judge hereby DENIES Plaintiff's motion.

In his motion, Plaintiff alleges that the Defendant failed to provide him with proof of insurance. As a result, Plaintiff requested the following relief:

> 1. Impose a preliminary injunction, that, requires Defendant Fuller provide the Court proof of insurance. Hull and Machinery and Personal Injury for as many aboard prior to engaging in any maritime activity or accommodations to tenants, transients, employees or contractors or ever leaving the harbor for leisure, hunting, anything.
> 2. Disallow Defendant to allow liens on Vessel.
> 3. Disallow Defendant to convert equipment.
> 4. Disallow Defendant to sell Vessel.[1]

In his opposition, Defendant submitted proof that the Vessel was insured at Docket 56, attach. 1. The letter from the insurance provider confirmed that the Vessel's policy included both "Hull & Machinery Insurance" and "Protection & Indemnity" insurance. *Id.* The policy's coverage began on August 3, 2012 and expires on August 3, 2013. *Id.* In light of Defendant's disclosure to the Court concerning proof of insurance on the Vessel, this Court sees no reason why the Defendant should be compelled to provide proof of insurance again. The issue is moot.

The Plaintiff previously filed a motion for a preliminary injunction to stop the Defendant from using the Vessel at Docket 3. That motion was later denied at Docket 37. Defendant has since provided proof of insurance. Docket 56, attach. 1.

---

[1] Docket 53, p. 2.

Therefore, it would be improper for this court to issue a preliminary injunction because there is no longer a reason for Defendant to produce proof of insurance.

Given that Defendant supplied proof of insurance, the Magistrate Judge hereby DENIES Plaintiff's *Motion to Compel.*

DATED this __21__ day of February, 2013, at Anchorage, Alaska.


*/s/ John D. Roberts*
JOHN D. ROBERTS
United States Magistrate Judge