## MINUTES OF THE UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA

TIMOTHY BARCLAY, Plaintiff v. MARCUS M. FULLER, Defendant.
Case No. 3:11-cv-00169-TMB-JDR

**THE HONORABLE JOHN D. ROBERTS, United States Magistrate Judge**
Reed W. Sirak, Law Clerk - Magistrate Judge's Chambers

### MINUTE ORDER FROM CHAMBERS

**RE:** Scheduling and Planning Order

On August 24, 2013, the Plaintiff, Timothy R. Barclay, filed a Motion for Order Setting Pre-Trial Schedule. Docket 67. Barclay requested a new pre-trial schedule because the motion and settlement activities in the case intervened to moot the contemplated schedule at Docket 47. The Defendant, Marcus M. Fuller, filed his response in opposition at Docket 68. Barclay filed his reply at Docket 69.

Barclay claims that the dates laid out in the Scheduling and Planning Report at Docket 47 are moot because: 1) The various motions for injunctions and the motion to compel made complying with the agreed upon dates impossible; and 2) Defendant's lack of representation caused the parties to fail to accomplish discovery, exchange witness lists and other necessary pretrial activities. Barclay claims that more time to complete discovery is necessary in order to investigate potential fraud that occurred when Fuller allegedly altered the original bill of sale when he faxed the bill of sale to the Vessel Documentation Office.

Barclay requests more time to to investigate the incident by contacting the NVDO. Also, Barclay requests more time to collect corroborating evidence

including testimony from GSI and Shelford, the Valdez legal office, and phone and other records. Additional evidence collection may also be necessary depending upon Fuller's responses to a set of requests for admission.

Fuller claims that the court should stick to the dates in the original Scheduling and Planning Report at Docket 47. That argument fails because the court never actually issued a Scheduling and Planning Order. The parties attempted to settle the case in front of Judge Gleason on 12/18/2012. Docket 59. During that same time, this court dealt with the issue of jurisdiction and with the motions for injunctions. By the time those issues were dealt with, the dates laid out in the Scheduling and Planning Report were effectively moot. The proposed Scheduling and Planning order gives the parties until February 28 to complete discovery. The case should then be certified for trial.

Fuller has failed to show that he will be prejudiced by the added delay. Barclay did not give any explanation why he would be prejudiced by extending the pre-trial schedule. Docket 68. Furthermore, Fuller is in actual possession of the Vessel. Any prejudice suffered from the passage of more time would thus fall on Barclay.

In conclusion, additional time is necessary to complete discovery in this case. The motions and settlement activities in the case intervened to moot the contemplated schedule at Docket 47. The problem was further compounded by the *pro se* defendant's failure to turn over the necessary discovery. Finally, Fuller failed to demonstrate that he would be prejudiced by continuing the pre-trial schedule. As

a result, a hearing addressing the newly proposed Scheduling and Planning Conference Report was held on November 13, 2013. The Scheduling and Planning Order will be issued under separate cover.

IT IS SO ORDERED.

**Entered at the direction of the Honorable John D. Roberts, United States Magistrate Judge**

November 15, 2013

Any request for other information or for clarification, modification, or reconsideration of this Order, or for extension of time must be made as a motion. See FED.R.CIV.P. 7(b)(1); D.Ak.LR. 7.1(1). No one should telephone, fax or write to chambers regarding pending cases. The magistrate judge's judicial assistant and/or law clerk are not permitted to discuss any aspect of this case, provide any information or communicate with any person including litigants, lawyers, witnesses and the public regarding cases.